UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
In re                                                                    Chapter 13

Celestine Wenegieme,                                          Case No. 16-74079-reg

                                          Debtor.
------------------------------------x

### NOTICE OF MOTION SEEKING ENTRY OF AN ORDER DISMISSING THE WITHIN CHAPTER 13 CASE WITH PREJUDICE AND IMPOSING A TWO-YEAR BAR ON REFILING ANOTHER BANKRUPTCY CASE

**PLEASE TAKE NOTICE**, that upon the annexed application, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee" will move before the Honorable Robert E. Grossman,   United States Bankruptcy Judge, on the 22nd day of December 2016 at 9:30 a.m., or as soon thereafter as counsel may be heard (the "Hearing"), at the United States Bankruptcy Court, The Alfonse D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York, Courtroom 860, seeking entry of an order under 11 U.S.C. §§ 521, 1307(c) and 349 of the Bankruptcy Code, dismissing the within chapter 13 case, with prejudice, and imposing a two-year bar to re-filing, and for such other and further relief as may be just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules and if filed by parties with legal representation shall be filed (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order # 559), which may be accessed (with a password which is available by contacting the Bankruptcy Court's technical assistance at 631-715-6200, Monday through Friday 8:30 a.m. to 5:00 p.m.) through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov, using Netscape navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange software for conversion; or (b) if the party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of the document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in either Word, WordPerfect, or DOS text (ASCII) format.   An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph.   A hard copy of the objection, whether filed pursuant to section (a), (b) or (c), as set forth in this paragraph, shall be delivered directly to the Clerk of the Court to the attention of the Honorable Robert E. Grossman.   The objection shall be served in accordance with General Order # 559 or by first-class mail upon the following parties:   The United States Trustee, 560 Federal Plaza, Room 560, Central Islip, New York   11722, Attn:  Christine H. Black, Esq., Michael J. Macco, Esq., chapter 13 trustee, 2950 Express Drive South, Suite 109, Islandia, New York, 11749; with a courtesy copy to the Chambers of the Honorable Robert E. Grossman, 290 Federal Plaza, Central Islip, New York 11722, together with proof of service thereof, so as to be actually received no later than December 15, 2016.

**PLEASE TAKE FURTHER NOTICE**, that unless objections or responsive papers are timely received the Motion may be granted.

**PLEASE TAKE FURTHER NOTICE**, that if you file papers in opposition, response or an objection, you must appear at the Hearing, and any adjournments thereof, or such opposition, response or objection may be deemed to be waived.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without further notice other than oral announcement at the Hearing or written posting on the Court's calendar.

Dated: Central Islip, New York  
      October 28, 2016

WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE-Region 2

OFFICE OF THE U.S. TRUSTEE  
The Alfonse D'Amato Federal Courthouse  
560 Federal Plaza  
Central Islip, New York    11722  
Telephone (631) 715-7800

By:    */s/ Christine H. Black*  
      Christine H. Black  
      Assistant United States Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x:
In re                                                                  Chapter 13

Celestine Wenegieme,                                                   Case No. 16-74079-reg

               Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**APPLICATION IN SUPPORT OF MOTION OF THE UNITED STATES TRUSTEE
TO DISMISS THIS CHAPTER 13 CASE WITH PREJUDICE AND IMPOSE A
<u>TWO-YEAR BAR ON REFILING ANOTHER BANKRUPTCY CASE</u>**

TO: THE HONORABLE ROBERT E. GROSSMAN
    UNITED STATES BANKRUPTCY JUDGE:

    William K. Harrington, as the United States Trustee for Region 2 (the "United States Trustee") hereby submits this Memorandum of Law in Support of his Motion to dismiss this case under 11 U.S.C. § 1307 with prejudice and impose a two year bar on refiling of another bankruptcy case without seeking leave from the Court. In support of the Motion, the United States Trustee represents and alleges as follows:

## **<u>INTRODUCTION</u>**

    This is the debtor's third individual bankruptcy filing. It was filed on the same day that the automatic stay was lifted with respect to the NY Property (as defined below) in his sister's bankruptcy case (her tenth case) filed in the Southern District of New York. The debtor and his sister are serial filers who strategically use the bankruptcy process as a bad faith attempt to stave off their mutual creditors, and neither have any intent to rehabilitate or propose a feasible plan. Moreover, the debtor has knowingly flouted the requirements of the Bankruptcy Code and Rules by failing to disclose both a very valuable piece of property in Brooklyn and his previous bankruptcy case in Maryland. Further, the debtor did not appear at his meeting of creditors and

have not filed many of the required documents under section 521 of the Bankruptcy Code. Finally, the debtor has failed to make any plan payments under section 1321 of the Bankruptcy Code. Accordingly, pursuant to 11 U.S.C. §§ 105(a) and 1307(c), cause exists to dismiss this case with a two year bar to the refiling of another bankruptcy case without leave of the Court.

## **FACTS**

### A.    General Background

1.    On September 6, 2016 (the "Petition Date"), Celestine Wenegieme (the "Debtor"), commenced this case by filing a voluntary petition (the "Petition) under chapter 13 of title 11, United States Code (the "Bankruptcy Code"). See ECF Doc. No. 1. This is the Debtor's third bankruptcy case.

*The Prior Cases*

2.    On April 28, 2014, the Debtor filed his first petition under chapter 13 in the Bankruptcy Code in the District of Maryland (Baltimore). See Case No. 14-16790 (NVA). That case was dismissed on October 2, 2014 for the following reasons: (a) failure to comply with the filing requirements of Bankruptcy Code section 521(i), (b) failure to commence making chapter 13 plan payments, and (c) for unreasonable delay which is prejudicial to creditors. Id., ECF Doc No. 42.

3.    On April 27, 2015, the Debtor filed his second petition under chapter 13 in the Bankruptcy Court in the Southern District of New York. See Case No. 15-11075 (JLG). That case was dismissed on March 11, 2016 for the following reasons: (a) failure to comply with the filing requirements of Bankruptcy Code section 521(i) and (b) failure to remit timely plan payments. Id; ECF Doc No. 30.

**B.     The Instant Case**

4.      On the Petition Date, the Debtor filed the instant case, with a skeletal petition. ECF Doc. No. 1. The Petition states that the Debtor had filed for bankruptcy once before in the last eight years. Id. at 3. Specifically, the Debtor indicated that he had filed in New York in April 2015. Id.

5.      On September 15, 2016, Goldstein Group Holding ("Goldstein Group") filed a motion to dismiss the Debtor's case or, in the alternative, a motion seeking to terminate the automatic stay *nunc pro tunc* to the Petition Date (the "Lift Stay Motion"). ECF Doc. No. 13. In the Lift Stay Motion, Goldstein Group explained that the Debtor's case relates to a chapter 13 case filed by the Debtor's sister, Celeste Wenegieme ("Celeste")1, in the Southern District of New York (16-12365-jlg). See id. at 3-4. Specifically, on September 6, 2016, the Bankruptcy Court in the Southern District of New York granted Goldstein Group's motion to lift the automatic stay with respect to property located at 215 West 134th Street, New York, New York 10030 (the "NY Property") in Celeste's case. See 16-12365, ECF Doc. No. 20. Immediately thereafter, the instant Petition was filed to protect the NY Property from foreclosure. See Docket Sheet.

6.      According to the schedules filed by the Debtor and Celeste, they both have interests in many of the same real properties. See Case No. 16-12365, ECF Doc. No. 37 at 1-2, 7, 9-11; ECF Doc. No. 38 at 3. Specifically, they both share interests in the following properties: (a) the NY Property, (b) 34 Cedar Ridge Drive, Ridge, NY 11961, (c) 3402 Trainor Avenue, Baltimore, MD 21215,1 (d) 2855 West Lafayette Avenue, Baltimore, MD 21216, and (e) 3517 Woodstock Avenue, Baltimore, MD 21213. ECF Doc. No. 38 at 3; Case No. 16-12354, ECF Doc. No. 37 at

---

1 Celeste's amended schedules state that she is the mortgagor on property located at 342 Trainor Avenue, Baltimore, MD.   Presumably, the Debtor or Celeste have a typographical error in their schedules and have an interest in the same property.

1-3, 9-11. Notably, Celeste's schedules state that she and the Debtor co-own property at 170 Monroe Street, Brooklyn NY 11216 (the "Brooklyn Property") valued at approximately $1.8 million dollars. Case No. 16-12354, ECF Doc. No. 37 at 1. The Debtor's schedules do not include the Brooklyn Property. See ECF Doc. No. 38 at 3.

7.  A review of the docket reveals that the Debtor has failed to file certain documents required under 11 U.S.C. §521(i). See Docket Sheet, ECF Doc. No. 45.

8.  On October 24, 2016, Michael Macco, the chapter 13 trustee (the "Trustee") made a motion to dismiss Debtor's case for, *inter alia*, failure to make plan payments, failure to file or provide the Trustee with various required documents, and failure to appear at the Debtor's scheduled meeting of creditors. See ECF Doc. No. 42.

## DISCUSSION

### A.  General Standards

Section 1307 of the Bankruptcy Code governs the conversion or dismissal of a chapter 13 case. 11 U.S.C. §1307(c). It provides that on request of a party in interest or the United States Trustee, and after notice and a hearing, "the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." Id.

While the term "cause" is not defined by the statute, section 1307(c) of the Bankruptcy Code provides several non-exclusive examples, any one of which may constitute "cause," for either the conversion of a chapter 13 case to a chapter 7 case or the dismissal of chapter 13 case in its entirety. Id. In addition, courts have found that "bad faith" can sustain a motion to dismiss under section 1307(c). See In re Marrama, 549 U.S. 365, 370 (2007); In re Armstrong, 409 B.R. 629, 635

(Bankr. E.D.N.Y. 2009); In re Campora, Nos. 14-CV-5066 (JFB), 14-CV-7123 (JFB), 2015 WL 5178823, *9-12 (E.D.N.Y. Sept. 3, 2015).

Courts need to examine the totality of the circumstances when determining whether a debtor filed in bad faith. See In re Campora, 2015 WL 5178823 at 11. Courts, for example, look to see if the debtor has previously filed for bankruptcy, whether the debtor's petition was filed on the eve of foreclosure, whether the debtor filed solely to obtain an automatic stay, whether the debtor filed to evade a court order, whether the debtor has stated his assets and debts accurately, or whether he has unfairly manipulated the Bankruptcy Code. Id; In re Armstrong, 409 B.R. at 634. The Supreme Court explained:

> [I]n practical effect, a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of prepetition bad-faith conduct … is tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13. That individual, in other words, is not a member of the class of honest but unfortunate debtors that the bankruptcy laws were enacted to protect.

In re Marrama, 549 U.S. at 373-74 (internal quotations and citations omitted).

### B. There is Cause to Dismiss this Case

#### *i. This Case Was Filed in Bad Faith*

The facts here demonstrate that this bankruptcy case was filed in bad faith. The Debtor and Celeste are serial bankruptcy filers who file cases solely to thwart foreclosure efforts. The Debtor and Celeste strategically file bankruptcy cases in different jurisdictions to obtain the automatic stay and evade prior orders of the court. An example of this fraud is the Debtor's current filing, which was initiated solely to evade the Bankruptcy Court's order in the Southern District of New York lifting the stay in Celeste's current case. The fact that the Debtor has failed to file required documents or appear at the meeting of creditors demonstrates that the Debtor has no interest in

restructuring his debt, and is instead filing to obtain the automatic stay and further frustrate the bankruptcy process. In addition, the Petition filed by the Debtor is misleading; nowhere does the Debtor list, mention or refer to his 2014 bankruptcy case in Maryland or the Brooklyn Property.

### ii.     *The Debtor has Caused Unreasonable Delay that is Prejudicial to Creditors*

Cause also exists to dismiss this case because there was "unreasonable delay by the debtor that is prejudicial to creditors". 11 U.S.C. §1307(c)(1). Courts have found "unreasonable delay" when a debtor has failed to timely file required documents, failed to make payments under the plan to the chapter 13 trustee, and failed to disclose ownership of assets on schedules. In re Blaise, 219 B.R. 946, 950 (2d Cir. BAP 1998); In re Burgos, 476 B.R. 107, 111 (Bankr. S.D.N.Y. 2012). In this case, the Debtor has failed to file required documents, failed to make payments under the plan, and failed to disclose co-ownership of the Brooklyn Property. In addition, the Debtor's filing of the Petition immediately after the Court lifted the stay on the NY Property in Celeste's case, shows that the Debtor's goal is to cause unreasonable delay that is prejudicial to creditors.

### iii.     *The Debtor has Failed to Commence Making Timely Payments*

Cause also exists to dismiss this case because the Debtor has failed to "commence making timely payments under section 1326 of this title." 11 U.S.C. §1307(c)(4). According to the Trustee's Motion to Dismiss, the Debtor "has failed to submit any monthly pre-confirmation payments to the Trustee." ECF Doc. No. 42.

### iv.     *Failure to File Required Documents*

Cause also exists to dismiss the case because the Debtor has failed to "file… the information required by paragraph (1) of section 521(a)." 11 U.S.C. §1307(c)(9). On October 25, 2016, the Clerk's Office filed a notice listing the required documents that the Debtor has not filed.

The Debtor's failure to fulfill his fiduciary obligation to file these important documents denies all parties in interest access to information regarding the Debtor's financial affairs. This case must be dismissed.

### C. The Debtor Should be Barred from Filing Another Bankruptcy Case For a Period of Two Years Without Leave of Court

Under 11 U.S.C. §349(a), bankruptcy cases are presumptively dismissed without prejudice to re-filing. However, under the appropriate circumstances, bankruptcy courts can dismiss cases with prejudice to re-filing for periods longer than 180 days set forth in section 109(g) when sequential filings are involved or when the court otherwise needs to curtail abuses. In re Casse, 198 F.3d 327, 341 (2d Cir. 1999); see e.g., In re Bridge to Life, Inc., Nos. CV-05-5499 (CPS), 05-19154 (jf), 2006 WL 1329778, *3-4 (E.D.N.Y. 2006) (affirming Bankruptcy Court's denial of chapter 13 case with prejudice under Casse). Cumulatively, the facts of this case reflect bad faith and non-compliance with the Bankruptcy Code. The United States Trustee therefore respectfully requests that the Court enter a dismissal order with prejudice and a bar to the refiling of a bankruptcy case by the Debtor for two years. See 11 U.S.C. §§ 105(a), 349. The requirement that the Debtor obtain leave of the Court before filing any new bankruptcy cases will provide the necessary safeguards should he demonstrate a genuine need, changed circumstances, and the ability to properly prosecute a bankruptcy case.

## IV. <u>CONCLUSION</u>

**WHEREFORE**, the United States Trustee respectfully requests that the Court enter an order dismissing this chapter 13 case with prejudice, barring the Debtor from filing another bankruptcy case for a period of two years without leave of the Court, and granting such other and further relief as may be just and proper.

Dated:  Central Islip, New York
        October 28, 2016

                          Respectfully submitted,

                          WILLIAM K. HARRINGTON
                          UNITED STATES TRUSTEE

By:    ***/s/ Christine H. Black***
        Christine H. Black
        Assistant United States Trustee
        560 Federal Plaza
        Central Islip, New York 11722
        (631) 715-7800

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x:  

| | |
|---|---|
| In re | Chapter 13 |
| Celestine Wenegieme, | Case No. 16-74079-reg |
| Debtor. | CERTIFICATE OF SERVICE |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x  

     I, Joann Lomangino, am employed by the Office of the United States Trustee for the Eastern District of New York, hereby certify that on October 28, 2016, I caused a copy of the annexed **United States Trustee's Motion Seeking Entry Of An Order Dismissing   The Within Chapter 13 Case With Prejudice And Imposing A Two-Year Bar On Refiling Another Bankruptcy Case** to be served by First Class mail in the State of New York, with proper postage affixed to the persons and entities whose names and addresses appear on the annexed service list.

Dated:   Central Islip, New York  
           October 28, 2016

                                                           */s/ Joann C. Lomangino*  
                                                           Joann Lomangino

**SERVICE LIST**

Celestine Wenegieme
34 Cedar Ridge
Ridge, NY 11961

Celestine Wenegieme
34 Cedar Ridge Drive
Ridge, NY 11961

Celestine Wenegieme
215 West 134th Street, Apt B
New York, NY 10030-3019

Celestine Wenegieme
244 Fifth Avenue, Suite G-263
New York, New York 10001

Celeste Wenegieme
215 West 134th Street, Apt B
New York, NY 10030-3019

Celeste Wenegieme
244 Fifth Avenue, Suire G-263
New York, New York 10001

Michael J. Macco
2950 Express Drive South
Suite 109
Islandia, NY 11749

Bayview Loan Servicing
4425 Ponce De Leon Blvd 5th Floor
Coral Gables FL 33146

Goldstein Group Holding
c/o Elizabeth A. Haas, Esq., PLLC
254 So. Main Street
Suite 302
New City, NY 10956-3363

Chase Home finance
P.O. Box 78420
Phoenix AZ 85062

Goldstein Group Holding
41 Mariner Way
Monsey NY 10952

M&TBank
P. 0. Box 1288
Buffalo, NY 14240

Urban Standard Development
Seth Weissman
27 West 20th Street
Suite 700 NY 10011

Wells Fargo
P.O. Box 10368
Des Moines, IA 50306